**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                          |     |                   |
|--------------------------|-----|-------------------|
| MICHELE LOOR-NICOLAY,    | :   | CIVIL ACTION      |
|                          | :   |                   |
| Plaintiff,               | :   |                   |
|                          | :   |                   |
| v.                       | :   | No. 13-1221       |
|                          | :   |                   |
| ARKEMA, INC.,            | :   |                   |
|                          | :   |                   |
| Defendant.               | :   |                   |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                           **NOVEMBER 22, 2013**

Presently before this Court is the Motion for Disqualification and Recusal of

United States District Judge Robert F. Kelly filed by Plaintiff's counsel, Kolman Ely, P.C.

("Kolman").  This lawsuit is filed by Plaintiff, Michele Loor-Nicolay, alleging discrimination and

retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et

seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.,

and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq., when she was

employed by Defendant, Arkema, Inc.[1]  For the following reasons, the Motion will be denied.

However, I voluntarily recuse for the reasons expressed within.

## I.   BACKGROUND

The premise of the Motion seeking my disqualification and recusal is based on the

alleged appearance of impropriety as a result of a phone call to chambers from Plaintiff inquiring

---

[1]The Amended Complaint alleges the following claims: Count I - ADEA; Count II - ADA; Count III- ADA Retaliation; Count IV - ADEA Retaliation; and Count V - Pennsylvania Human Relations Act.  See Am. Compl. ¶¶ 68-86.

about an administrative matter pertaining to whom she should make her check payable to regarding sanctions that I ordered on October 30, 2013. In order to fully comprehend the situation, a brief history of the relevant facts is

necessary.[2]

On October 23, 2013, after full briefing by both sides, I granted Defendant's Motion for Sanctions in part and denied it in part. (Doc. No. 36) Defendant was seeking the sanction of dismissal of Plaintiff's Complaint, or, alternatively, monetary sanctions, due to Plaintiff's failure to comply with the Order of September 11, 2013,[3] and a history of dilatory

---

[2]The Addendum to this Memorandum Opinion provides a detailed chronology of the discovery issues in this case. See *infra* p. 15-22. To date, there have been eight discovery motions, nine Orders addressing discovery issues, letters to the Court regarding discovery issues, and two extensions of discovery deadlines.

[3]The September 11, 2013 Order stated, in relevant part, as follows:

**AND NOW**, this 11th day of September, 2013, upon consideration of Defendant, Arkema Inc.'s Motion to Compel Plaintiff to Provide More Specific Responses to Interrogatories and Requests for Production of Documents (Doc. No. 13), and Plaintiff's Response in Opposition to Defendant's Motion to Compel (Doc. No. 17), it is hereby **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART.** Defendant's Motion to Compel is **GRANTED** as follows:

1. Plaintiff shall sign her response to Interrogatories provided to defense counsel on July 23, 2013:
2. Plaintiff's objections and response to Interrogatories Nos. 7, 8, 14 and 17 and Response to Request for Production of Documents No. 8 are **STRICKEN**;
3. Plaintiff shall provide full and complete responses to Interrogatories Nos. 7, 8, 14 and 17 and Response to Request for Production of Documents No. 8;
4. Plaintiff shall sign all responses to Interrogatories provided pursuant to this Order; and
5. Plaintiff shall comply with this Order within five days. Failure to fully comply with this Order will result in sanctions.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is **DENIED** regarding its request to compel a response to Interrogatory No. 10. See Kraus Indust., Inc. v. Moore, No. 06-542, 2008 WL 4206059, at *2-3 (W.D. Pa. Feb. 11, 2008) (holding that plaintiff is not required to answer defendant's interrogatory requiring it to summarize the substance of expected testimony of each witness it intended to call at trial and noting that plaintiff provided a list of witnesses intended to testify at trial, but it was not required to do so until thirty (30) days prior to trial pursuant to Federal Rule of Civil Procedure 26(a)(3)).

(Doc. No. 28)

actions throughout the course of the litigation.  (See Def.'s Mot. for Sanctions at 3-8.)  Although

Defendant sought sanctions against Plaintiff, the Motion discusses abuses of the discovery

process by Plaintiff's counsel.  (See Def.'s Mot. for Sanctions.)  Additionally, Defendant

supplemented its Motion for Sanctions on October 14, 2013, stating that, after filing its Motion

for Sanctions, it learned of a journal maintained by Plaintiff that is relevant to the lawsuit.

(Def.'s Supp. Mem. Law Support of Mot. for Sanctions at 1-2.)  During Plaintiff's October 8,

2013 deposition, Defendant states that when specifically questioned about whether she kept a

journal, Plaintiff testified that she maintained a contemporaneous "journal" that purportedly

documented acts of discrimination and retaliation committed by Defendant's employees.  (Id.)

Defendant pointed out that Plaintiff's counsel said that she did not maintain any relevant journal

when specifically asked for it in its Document Request.  (Id.)  Furthermore, Defendant states that

"[m]ost disturbing, Plaintiff's counsel did not make an inquiry at any point as to whether Plaintiff

maintained any such journal."  (Id. at 1.)  Defendant also stated that, on the morning of Plaintiff's

deposition, Plaintiff's counsel faxed illegible documents purportedly responding to Defendant's

June 3, 2013 document production requests.  (Id. at 2.)

      Plaintiff's counsel responded to Defendant's assertions by arguing that "there has

simply been no history of dilatoriness in this case; only blatant misrepresentations by Defendant

through its counsel to this Court about the conduct of discovery."  (Pl.'s Resp. Opp'n Def.'s Mot.

for Sanctions at 5.)  According to Plaintiff's counsel, Plaintiff complied with the Court's

September 11, 2013 Order, and there has been no evidence to suggest that Plaintiff has willfully

disregarded any discovery obligations in this case.  (Id. at 3-5.)  Additionally, the Response

argues that Defendant's Motion is frivolous and vexatious, and states that there is simply no

evidence to suggest that Defendant has been prejudiced because Plaintiff agrees to a second

deposition about her journal and the documents faxed on the day of the original deposition.  (Id. at 5.)

On October 23, 2013, after considering all of the arguments, I ordered as follows:

**AND NOW**, this 23rd day of October, 2013, upon consideration of Defendant Arkema Inc.'s Motion for Sanctions (Doc. No. 28), Defendant Arkema Inc.'s Supplemental Memorandum of Law in Support of Motion For Sanctions (Doc. No. 31), and the Response in Opposition to Defendant's Motion for Sanctions filed by Plaintiff Michele Loor-Nicolay (Doc. No. 33), it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's Request that Plaintiff's Complaint be dismissed with prejudice is **DENIED.**

2. Defendant's Request for costs associated with drafting and filing motions pertaining to Plaintiff's failures to adhere to discovery is **GRANTED**. Defendant's attorney shall submit to the Court a detailed affidavit setting forth the time spent and the costs associated with drafting and filing motions pertaining to Plaintiff's failure to follow the discovery rules (Doc. Nos. 13, 18 and 28).  The affidavit shall be filed with the Court within seven days of the date of this Order.

3. Plaintiff shall produce the journal that she referred to during her deposition within five days of the date of this Order.

4. Any failure by Plaintiff to fully comply with this Order will result in sanctions, which may include dismissal of the Complaint.

(Doc. No. 36)  On October 29, 2013, Defense counsel, Kathleen Kirkpatrick, Esq., filed an affidavit of defense's costs associated with the drafting and filing of discovery motions totaling $2,964.00.  (Doc. No. 38)  On October 30, 2013, after examining the affidavit for reasonableness, I ordered as follows:

**AND NOW**, this 30th day of October, 2013, upon consideration of the Affidavit of Kathleen Kirkpatrick, Esq. (Doc. No. 38) filed in accordance to this Court's Order dated October 23, 2013 (Doc. No. 36), it is hereby **ORDERED** that Plaintiff shall pay the total attorneys' fees associated with drafting and filing motions pertaining to Plaintiff's failures to adhere to discovery in the amount of $2,964.00.  Plaintiff's payment shall be submitted to Defendant within seven days of the date of this Order.  Any failure by Plaintiff to fully comply with this Order

will result in sanctions, which may include dismissal of the Complaint.

(Doc. No. 39)

During the afternoon of Friday, November 1, 2013, Plaintiff, Michelle Loor-Nicolay, called chambers asking to whom she should make out her check for sanctions pursuant to the Court's Order dated October 30, 2013. Specifically, Plaintiff wanted to know if she should make her check payable to the District Court or defense counsel. My law clerk told Plaintiff that she should talk with her counsel. Plaintiff informed my law clerk that her counsel did not want to represent her and was going to file a Motion to Withdraw as Counsel. My law clerk informed Plaintiff that, as things currently stood, she was still represented by counsel. Worried about paying the money immediately because she had recently been informed about the Order and the fact that the money was due soon, Plaintiff said that she was not in communication with her counsel and she wanted to know whether she should make her check payable to either the District Court or defense counsel. My law clerk told Plaintiff that she would look into the issue and that Plaintiff should call her on Monday for the answer.

On Monday, November 4, 2013, my law clerk informed me that Plaintiff called and wanted to know to whom she should make out her check for sanctions. At the time of my original Order dated October 23, 2013, I believed that by using the term "Plaintiff," it would be Plaintiff's counsel who would pay the sanction fine because Defendant's Motion for Sanctions, its Supplemental Memorandum of Law, and the Response thereto, were based on sanctionable conduct by Kolman performing as counsel for Plaintiff, and not the Plaintiff as an individual. Plaintiff's contact with chambers inquiring about whether she should make her check payable to either the District Court or defense counsel merely alerted me to the fact that she was paying the sanction fee and not Kolman. Due to the fact that the sanctions were being imposed for

discovery abuses, the lionshare due to the actions and inaction of Plaintiff's counsel, I amended

my October 30, 2013 Order as follows:

> **AND NOW**, this 4th day of November, 2013, after a November 1, 2013 telephone call to chambers from Plaintiff inquiring about her payment of $2,964.00 to Defendant for its total attorneys' fees associated with drafting and filing motions pertaining to the failures of Plaintiff's counsel to adhere to discovery, which was ordered on October 30, 2013, it is hereby **ORDERED** that the Order issued by this Court on October 30, 2013 (Doc. No. 39) is **AMENDED** as follows:

> it is hereby **ORDERED** that Plaintiff's counsel shall pay the total attorneys' fees associated with drafting and filing motions pertaining to the failure of Plaintiff's counsel to adhere to discovery in the amount of $2,964.00. Plaintiff's counsel shall submit its payment to Defendant within seven days of the date of this Order. Any failure by Plaintiff's counsel to fully comply with this Order will result in sanctions, which may include dismissal of the Complaint.[1]

FN1 - This ruling is made pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), which provides that: [i]n addition to or instead of the expenses above [in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Fed. R. Civ. P. 37(b)(2)(C).*

(Doc. No. 41) As evidenced by my Amended Order, I included the fact that, on November 1,

2013, Plaintiff contacted chambers about her payment of the sanction fee to alert the parties to

the fact that there was an ex parte communication with chambers. (Id.) I, also, cited Federal

Rule of Civil Procedure 37(b)(2)(C) in a footnote as the authority upon which I relied to levy the

sanctions against Plaintiff's counsel. (Id.)

On the same day as my Amended Order, a Motion to Withdraw as Counsel by

Kolman Ely, P.C. was filed. (Doc. No. 42) On November 7, 2013, the Motion for

Disqualification and Recusal of United States District Court Judge Robert F. Kelly was filed by

Kolman. (Doc. No. 43) On November 8, 2013, Defendant filed its Response to Motion to

Withdraw as Attorney agreeing with the withdraw of Kolman and requesting a stay of the case for thirty days for Plaintiff to acquire new counsel. (Doc. No. 44) On November 12, 2013, I granted Kolman's request to hold the Court's Amended Order dated November 4, 2013, in abeyance pending further order. (Doc. No. 45) On November 19, 2013, Defendant filed a Response in Opposition to Plaintiff's Counsel's Motion for Disqualification and Recusal. (Doc. No. 46)

## II.  DISCUSSION

### A.  Recusal Under 28 U.S.C. § 455

Kolman requests my disqualification pursuant to section 455 of Title 28 of the United States Code. Section 455, provides, in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455. "The decision of whether to recuse from hearing a matter lies within the sound discretion of the trial judge." United States v. Wilensky, 757 F.2d 594, 599–600 (3d Cir. 1985).

I find that the allegations in support of Kolman's Motion seeking my disqualification are insufficient pursuant to 28 U.S.C. § 455.

### 1. 28 U.S.C. § 455(a)

Kolman relies upon 28 U.S.C. § 455(a), which states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Kolman argues that "[c]ounsel makes no suggestion that actual impropriety exists. However, given that there is now an appearance of impropriety, recusal is warranted." (Kolman's Mot. for Disq. and Recuse at 2.)

"Section 455(a) invites an objective inquiry: 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" In re Apollo, No. 12-3033, 2013 WL 4083236, at *3 (3d Cir. Aug. 14, 2013) (quoting In re Kensington Int'l, Ltd., 368 F.3d 289, 301 (3d Cir. 2004)). "Courts will look not to 'the reality of bias or prejudice' but rather to the appearance of partiality." Id. (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)). "Section 455(a) addresses the rights of individual litigants and seeks to promote public faith in the judiciary." Id. (citing United States v. Kennedy, 682 F.3d 244, 258 (3d Cir. 2012) ("Because § 455(a) aims not only to protect both the rights of the individual litigants, but also to promote the public's confidence in the judiciary, our analysis focuses on upholding the appearance of justice in our courts.")). "When assessing a motion for disqualification under § 455(a), it is 'critically important . . . to identify the facts that might reasonably cause an objective observer to question [the district court judge's] impartiality.'" Id. (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988)).

The degree and scope of my association with the Plaintiff in this case is negligible. I never spoke with Plaintiff. Plaintiff contacted chambers regarding an administrative matter, and was informed that she should call chambers back for the answer. After calling chambers back, Plaintiff was informed that I had amended my Order earlier that day requiring Plaintiff's counsel to pay the sanction fee. There was no discussion with Plaintiff in which she set forth any position about whether she, or her counsel, should pay the sanction fee. There was no substantive discussion about any issue in the case at all. As I previously stated,

my original Order granting sanctions stated "Plaintiff," but I used that term in the generic sense to include Plaintiff's counsel, especially in light of all of the discovery issues engendered by Kolman in the case. My Amended Order was simply to clarify that the sanctions were against Plaintiff's counsel, and was in no way influenced by Plaintiff.

This unique situation involves Plaintiff's own counsel seeking my disqualification based upon communication by their client to chambers, regarding an administrative question, due to an apparent breakdown in their relationship. Notably, Defendant opposes the Motion for Disqualification and Recusal. (See Def.'s Response Opp'n Mot. for Disq. and Recusal.) Without knowing the facts that I have set forth today, Defendant argues against my disqualification and recusal stating, in part, that "[n]ot only does Plaintiff's counsel fail to present facts to support that His Honor engaged in ex parte communication, but there is no evidence that would reasonably suggest that any information that may have been passed to His Honor consisted of 'disputed evidentiary facts' or caused impartiality." (Id. at 5.)

With knowledge of all the facts, I find that a reasonable person would not conclude that my impartiality might reasonably be questioned. My involvement in this case does not threaten the perceived impartiality of the judiciary that Section 455(a) seeks to protect. See Kennedy, 682 F.3d at 258. In light of the above, Kolman's Motion pursuant to 28 U.S.C. § 455(a) is denied.[2]

---

[2]In additional support of its Section 455(a) argument, Kolman asserts that Plaintiff's communication with chambers is a possible violation of Canon 3(A)(4) of the Code of Conduct for United States Judges. See Code of Conduct for U.S. Judges Canon 3(A)(4). Kolman incorrectly asserts that the Court seemingly used that communication to make a determination to sanction it. (Kolman's Mot. to Disq. and Recuse at 6.) As previously explained, Plaintiff's communication with chambers was merely administrative, and did not address any substantive issue in the case. There was no violation of Canon 3(A)(4).

## 2. 28 U.S.C. § 455(b)(1)

Additionally, Kolman seeks my disqualification under 28 U.S.C. § 455(b)(1), which states that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Kolman states that it "has no idea or inclination as to what was discussed. However, given the fact that this Court amended its original Order (ECF Doc. 30), which initially called for the Plaintiff to pay $2,964.00 in attorney's fees to the Defendant, it is fair to assume that the Plaintiff communicated a position adverse to the undersigned to this Court ex parte." (Kolman's Mot. to Disq. and Recuse at 3-4.) In light of my explanation of Plaintiff's communication with chambers, such an assumption is unfair. As I have explicitly made clear, Plaintiff's communication was solely regarding the ministerial issue of to whom she should write her sanction check. There was no discussion of the issues in the case, and there was no conversation of any position by Plaintiff regarding anything, let alone a position adverse to Kolman.

28 U.S.C. § 455(b)(1) simply does not apply in this situation. 28 U.S.C. § 455(b)(1) (stating that a judge should recuse himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). Due to Plaintiff's communication with my chambers staff, Kolman argues that the Court now undoubtedly possesses personal knowledge of disputed evidentiary facts concerning the proceeding. (Kolman's Mot. to Disq. and Recuse at 4.) This is not true. The Court does not possess personal knowledge of any disputed evidentiary facts concerning this case. A reasonable person with knowledge of the facts would not conclude that this Court's impartiality could reasonable be questioned. Therefore, recusal pursuant to Section 455(b)(1) is unwarranted.

Kolman also asserts that the Court used the communication from Plaintiff to make a determination to sanction undersigned counsel pursuant to Federal Rule of Civil Procedure 37. This, however, is not the case. Although Defendant's Motion for Sanctions requested sanctions against Plaintiff, it is clear that the Motion was based upon the actions of Plaintiff's counsel throughout the protracted discovery process of this case. In its Response in Opposition to Plaintiff's Counsel's Motion for Disqualification and Recusal, Defendant states that "[t]he clarification to the Order making it clear that counsel, and not Plaintiff, was also entirely appropriate, given that it was counsel, and not Plaintiff, who engaged in the sanctionable conduct." (Def.'s Response Opp'n Mot. for Disq. and Recusal at 5.) In its Motion for Sanctions, Defendant stated that Plaintiff's counsel failed to comply with the Court's September 11, 2013 Order by not providing, or providing deficient and unresponsive, supplemental responses to interrogatories and requests for production of documents and by asserting general objections to the subject interrogatories in violation of the Court's Order. (Def.'s Mot. for Sanctions at 2-4.) Defendant also argued that conduct by Plaintiff's counsel blocked each and every attempt that Defendant made to obtain discovery in the normal course causing Defendant significant and unnecessary cost and delay. (Id. at 4-5.)

In addition, Defendant's Motion referred to numerous detailed discovery abuses by Plaintiff's counsel that it set forth in its Response to Plaintiff's Motion to Modify the Deposition Subpoena of Dr. Grohsman. (Id. at p. 5 n.1.) In its Response, Defendant states as follows: "Plaintiff's counsel have attempted to block each and every discovery event in the matter;" Plaintiff's counsel have failed to provide full and complete responses to written discovery requests; Plaintiff's counsel filed a Motion for Extension of the Discovery Deadline based upon an unknown and unidentified trial and vacation schedule; Plaintiff's counsel

cancelled Plaintiff's deposition after it had been scheduled for almost one month based on a vague trial schedule; Plaintiff's counsel attempted to flout the requirements of a duly served subpoena for Dr. Grohsman's deposition to occur on Aug. 19, 2013; Plaintiff's counsel is now attempting to flout the requirements of a duly served subpoena for Dr. Grohsman's deposition for a second time; and Plaintiff's counsel is actively interfering with Defendant's subpoenas served upon Jay Federman, M.D. (Def.'s Resp. Pl.'s Mot. to Modify Depo. of Dr. Grohsman at 2-16.) As evidenced by Defendant's discovery filings, sanctions against Kolman were warranted since most, if not all, of the discovery abuses alleged by Defendant involved the conduct by Plaintiff's counsel, not Plaintiff herself.

Kolman had the opportunity, and did, respond to Defendant's Motion for Sanctions. (See Pl.'s Resp. Def.'s Mot. for Sanctions.) Specifically, Kolman responded to Defendant's Motion for Sanctions by making arguments on Plaintiff's behalf that necessarily included arguments on their own behalf, such as the following: Plaintiff's response to Defendant's interrogatories and requests for production of documents clearly indicate compliance with the Court's September 11, 2013 Order; "[w]ith respect to third parties, Plaintiff's counsel objected, not Plaintiff. As this Court is aware, Plaintiff's counsel had scheduling issues which were worked out to allow third party depositions to proceed forward. As such, Plaintiff takes exception to this attack as a facially inaccurate misrepresentation to the Court;" and "[t]here has been no history of dilatoriness in this case; only blatant misrepresentation by Defendant through its counsel to the Court about the conduct of discovery." (Id. at 2-5.) This is not a situation where Kolman was sanctioned unaware and without a chance to defend itself.

As explained above, the Court finds that Kolman's allegations pursuant to 28 U.S.C. § 455(b)(1) are insufficient as a matter of law. Kolman fails to offer any facts or

12

allegations that the Court harbors personal or extrajudicial bias against them. Likewise, Kolman fails to show that I possess personal knowledge of disputed evidentiary facts concerning the proceeding. Consequently, the Court finds that no reasonable person, knowing all the circumstances, would harbor doubts concerning the Court's impartiality. As a result, Kolman's Motion seeking my disqualification is denied. Nevertheless, with that being said, I will recuse myself from this action not because I am required to do so, but because I believe it to be in the best interest of all parties, as well as the orderly resolution of this lawsuit.

### B. Voluntary Recusal

There is a pending unopposed Motion to Withdraw as Counsel by Kolman, which, if granted, would seem to make much of the foregoing moot. (Doc. Nos. 42, 44) However, there is an outstanding deposition subpoena that Defendant served upon Timothy M. Kolman, Esq. that has the potential to make my continued involvement a distraction. (See Mot. to Quash Subpoena of Timothy M. Kolman, Esquire; Def.'s Resp. Opp'n Mot. to Quash Subpoena of Timothy M. Kolman, Esquire) Defendant has noticed a deposition of Timothy M. Kolman, Esq. based upon the assertion that he was aware that Defendant was represented by counsel and improperly chose to contact both Plaintiff's supervisor and the Director of Human Resources & Compensation in order to manufacture a retaliation claim. (Def.'s Resp. Opp'n Mot. to Quash Subpoena of Timothy M. Kolman, Esquire at 3.) Specifically, Defendant asserts that "Kolman sent the EEOC charge and his threatening letter directly to [Plaintiff's Supervisor] and [the Director of Human Relations & Compensation] to manufacture a retaliation claim in this matter that otherwise would not have existed." (Id.) Timothy M. Kolman, Esq. asserts that there is no reasonable basis for defense counsel to issue the subpoena, and any testimony would be protected by the attorney-client privilege and/or the work product doctrine. (Mot. to Quash Subpoena of Timothy

M. Kolman, Esquire at 6-7.)  The Motion to Quash the Subpoena of Timothy M. Kolman, Esq., is currently pending.

Thus, the fact that Kolman Ely, P.C. may no longer be Plaintiff's counsel in this action does little to alleviate the fact that Timothy M. Kolman, Esq. may be personally involved in this litigation.  My efforts in advancing this action by recusing myself are not based upon prejudice or bias, or any personal knowledge of disputed evidentiary facts concerning the proceeding, but are out of an abundance of caution, saving the parties valuable time and expense, and in the interest of allowing this action to come to a just conclusion.  As a result, I hereby voluntarily recuse myself from this action.

An appropriate Order follows.

# ADDENDUM

March 7, 2013          Complaint
                                     ADA and ADEA claims


April 17, 2013         First Amended Complaint
                                     Count I          ADEA
                                     Count II         ADA
                                     Count III        ADA-Retaliation
                                     Count IV         ADEA-Retaliation
                                     Count V          PHRA

May 14, 2013           Defendant's Answer

May 31, 2013           Scheduling Order

## DISCOVERY MOTIONS

Aug. 6, 2013           Plaintiff's Motion for Extension of Time to Complete Discovery
                                     Kolman Ely, P.C. asserts that it is a small firm, and due to the
                                     firm's trial and vacation schedules, a sixty-day extension of time is
                                     needed.

                                     On the first page, Kolman Ely, P.C. states that Mr. Tucker, defense
                                     counsel, opposes the Motion.  However, on the second  page, the
                                     Motion states that it is unopposed.

### *Aug. 12, 2013 - Order*
*AND NOW, this 12 th day of Aug., 2012, upon consideration of Plaintiff's Motion for Extension*
*of Discovery Deadlines, it is hereby ORDERED and DECREED that the motion is granted.  The*
*deadline for completion of discovery is hereby extended to October 29, 2013.  All other pre-trial*
*deadlines are similarly extended by sixty 60 days.*


Aug. 16, 2013          Defendant's Motion to Compel More Specific Responses to Discovery
                                     Defendant argues:
                                     1.  Plaintiff should be compelled to sign her response to
                                     interrogatories
                                     2.  Plaintiff's response to interrogatories seeking information about
                                     her ADA claims is deficient
                                     3.  Plaintiff fails to identify witnesses that she intends to call at trial
                                     4.  Plaintiff's responses to document request pertaining to damages
                                     are unresponsive


Aug. 19, 2013          Letter to Judge Kelly by Plaintiff's counsel - W. Charles Sipio, Esq.
                                       Titled as "urgent"

Requesting a phone conference regarding Defendant's subpoena
for the deposition of Dr. Jonathan Grohsman.  The deposition was
scheduled for August 19, 2013.

*Aug. 23, 2013 - Phone Conference Regarding Aug. 19, 2013 letter*
*Plaintiff - Timothy M. Kolman, Esq.*

*Defendant - Joseph Tucker, Esq.*
*Kathleen Kirkpatrick, Esq.*

*Dr. Grohsman's deposition did not occur.  Judge Kelly instructed*
*counsel that any action in this case must be made by motion.*

Aug. 28, 2013          Plaintiff's Motion to Overrule Confidentiality Objections and to Compel
Discovery Responses
Plaintiff argues that Defendant's objection to discovery requests
based upon a requirement that Plaintiff enter into a confidentiality
agreement is improper.

Aug. 28, 2013          Plaintiff's Motion to Modify Deposition Subpoena of Jonathan M.
Grohsman, MD for Failure to Coordinate with Plaintiff's Counsel
Plaintiff asserts that defense counsel unilaterally scheduled Dr.
Grohsman's deposition without checking with Plaintiff's counsel
regarding available dates.  Plaintiff's counsel has trial and vacation
conflicts.

Aug. 29, 2013          Defendant's Motion to Compel Plaintiff to Submit to Deposition
Motion lists all of the times that Plaintiff's counsel has postponed
or cancelled discovery obligations, including depositions, based
upon vague assertions of trial, vacation or court appearances.

Motion states "Arkema has expended tremendous costs to defend
against unnecessarily protracted discovery and discovery abuses,
all caused by Plaintiff's counsel." (¶ 13.)

**_Sept. 11, 2013 - Order_**
*AND NOW, this 11th  day of September, 2013, upon consideration of Defendant, Arkema Inc.'s*
*Motion to Compel Plaintiff to Provide More Specific Responses to Interrogatories and Requests*
*for Production of Documents (Doc. No. 13), and Plaintiff's Response in Opposition to*
*Defendant's Motion to Compel (Doc. No. 17), it is hereby **ORDERED** that the Motion is*
***GRANTED IN PART AND DENIED IN PART.**  Defendant's Motion to Compel is **GRANTED***
*as follows:*

1.     *Plaintiff shall sign her response to Interrogatories provided to defense*

16

*counsel on July 23, 2013:*

2.    *Plaintiff's objections and response to Interrogatories Nos. 7, 8, 14 and 17 and Response to Request for Production of Documents No. 8 are **STRICKEN**;*

3.    *Plaintiff shall provide full and complete responses to Interrogatories Nos. 7, 8, 14 and 17 and Response to Request for Production of Documents No. 8;*

4.    *Plaintiff shall sign all responses to Interrogatories provided pursuant to this Order; and*

5.    *Plaintiff shall comply with this Order within five days. Failure to fully comply with this Order will result in sanctions.*

**IT IS FURTHER ORDERED** *that Defendant's Motion to Compel is **DENIED** regarding its request to compel a response to Interrogatory No. 10. See Kraus Indust., Inc. v. Moore, No. 06-542, 2008 WL 4206059, at *2-3 (W.D. Pa. Feb. 11, 2008) (holding that plaintiff is not required to answer defendant's interrogatory requiring it to summarize the substance of expected testimony of each witness it intended to call at trial and noting that plaintiff provided a list of witnesses intended to testify at trial, but it was not required to do so until thirty (30) days prior to trial pursuant to Federal Rule of Civil Procedure 26(a)(3)).*


Sept. 12, 2013     Defendant's Response in Opposition to Plaintiff's Motion to the Deposition Subpoena of Jonathan M. Grohsman

         Responses relies upon the following grounds:

1.     "Plaintiff's counsel have attempted to block each and every discovery event in the matter."

2.     Plaintiff failed to provide full and complete responses to written discovery requests.
       Allegations against Plaintiff's counsel

3.     Plaintiff filed a Motion for Extension of the Discovery Deadline based upon an unknown and unidentified trial and vacation schedule.
       Allegations against Plaintiff's counsel

4.     Plaintiff's counsel cancelled Plaintiff's deposition after it had been scheduled for almost one month
       Allegations that Plaintiff's counsel cancelled the deposition due to two unidentified and unknown court appearances

5.     Plaintiff's counsel attempted to flout the requirements of a duly served subpoena for Dr. Grohsman's deposition to occur on Aug. 19, 2013.

6.     Plaintiff's counsel is now attempting to flout the requirements of a duly served subpoena for Dr. Grohsman's

deposition for a second time.

7. Plaintiff's counsel is actively interfering with Defendant's subpoenas served upon Jay Federman, M.D.

**_Sept. 12, 2013 - Order_**
*__AND NOW__, this 12th day of September, 2013, upon consideration of Plaintiff's Motion to Overrule Confidentiality Objections and to Compel Discovery Responses (Doc. No. 15), and Defendant Arkema's Inc.'s Response in Opposition to Plaintiff's Motion to Overrule Confidentiality Objections and Compel Discovery Responses (Doc. No. 20), it is hereby __ORDERED__ that the Motion is __DENIED__ due to Plaintiff's failure to execute Defendant's Confidentiality Stipulation.FN1*

*FN1 - We note that we have reviewed Defendant's Confidentiality Stipulation, and we find it to be reasonable.*

Sept. 12, 2013      Plaintiff's Response to Defendant's Motion to Compel Plaintiff to Submit to Deposition
stating that Defendant's Motion to Compel Plaintiff to Submit to a Deposition should be denied as moot because the parties agreed on a deposition date.
Footnote - stating that Plaintiff executed Defendant's confidentiality stipulation in light of the Court's Order dated Sept. 13, 2013.

**_Sept. 13, 2013 - Order_**
*__AND NOW__, to wit, this 13th day of Sept., 2013, upon consideration of Defendant's Motion to Compel Plaintiff to Submit to Deposition (ECF Doc. 18) and the response of Plaintiff thereto indicating that Defendant's motion is moot, it is hereby __ORDERED__ and __DECREED__ that Defendant's motion is __DENIED AS MOOT__.  __SO ORDERED__.*

Sept. 13, 2013      Letter to Judge Kelly from Plaintiff's counsel advising that Plaintiff's Motion to Modify the Deposition Subpoena of Jonathan M. Grohsman for Failure to Coordinate with Plaintiff's Counsel is withdrawn because a matter that Plaintiff's counsel was involved with settled, and he is now available for the deposition.

**_Sept. 17, 2013 - Order_**
*__AND NOW__, to wit, this 17th day of Sept., 2013, upon consideration of Plaintiff's Letter of September, 2013, advising the Court that her "Motion to Modify the Deposition Subpoena of Jonathan Grohsman, M.D. for Failure to Coordinate with Plaintiff's Counsel " (ECF Doc. 16) is withdrawn as moot, it is hereby __ORDERED__ and __DECREED__ that Defendant's motion (ECF Doc. 16) is __DENIED AS MOOT__ and __WITHDRAWN__.  __SO ORDERED__.*

Oct. 2, 2013    1.    Defendant's Unopposed Motion to Enlarge Case Scheduling Deadlines

"Discovery in this matter has required more time than expected due to extensive motion practice and delays in receiving information requested in discovery." (Def.'s Mot. to Enlarge Case Sch. Deadline ¶ 3.)

2.   Defendant's Motion for Sanctions

Arguing that the sanction of dismissal of Plaintiff's lawsuit is warranted due to Plaintiff's failure to comply with the Court's Sept. 11, 2013 Order and Plaintiff has attempted to block each and every discovery event in this matter. Also, Defendant seeks $3,500.00 for costs associated with drafting and filing the within Motion (and prior motions).

Discusses abuses of discovery process by Plaintiff's counsel

## *Oct. 3, 2012 - Order*

*AND NOW, this 3rd day of Oct., 2013, upon consideration of Defendant, Arkema Inc.'s Unopposed Motion to Enlarge Case Scheduling Deadlines, it is hereby **ORDERED** and **DECREED** that Said Motion is **GRANTED**. The discovery deadline is extended to December 12, 2013, and all other pre-trial deadlines are extended by 45 days.*

Oct. 14, 2013   Defendant's Supplemental Memorandum of Law in Support of Motion for Sanctions

Defendant states that, after filing its Motion for Sanctions, it learned of a journal maintained by Plaintiff that is relevant to the lawsuit. During Plaintiff's October 8, 2013 deposition, Defendant states that when specifically questioned about whether she kept a journal, Plaintiff testified that she maintained a contemporaneous "journal" that purportedly documented acts of discrimination and retaliation committed by Arkema employees. Defendant pointed out that Plaintiff's counsel said that she did not maintain any relevant journal when specifically asked for it in its Document Request. Defendant, also, states that "[m]ost disturbing, Plaintiff's counsel did not make an inquiry at any point as to whether Plaintiff maintained any such journal." (Def. Supplemental Mem. Law Supp. Mot. for Sanctions at 1.) Defendant also stated that, on the morning of Plaintiff's deposition, Plaintiff's counsel faxed illegible documents purportedly responsive to Defendant's June 3, 2013 document production requests.

Oct. 21, 2014   Letter from W. Charles Sipio, Esq. ("Sipio") to Judge Kelly regarding a subpoena Defendant's counsel served on Timothy M. Kolman, Esq. requesting a telephone conference. Sipio stated that Mr. Kolman intends on filing a formal motion seeking to quash the subpoena and possible sanctions pursuant to 28 U.S.C. § 1927.

| Oct. 21, 2013 | Plaintiff's Response in Opposition to Defendant's Motion for Sanctions |
|---|---|

Oct. 21, 2013      Plaintiff's Response in Opposition to Defendant's Motion for Sanctions
Argues that sanctions are unwarranted because there has been no history of dilatoriness in the case by Plaintiff. Accuses Defendant of making numerous misrepresentations to the Court. Accuses Defendant of attempting to use the discovery process as a bullying tactic. Regarding the issue of Plaintiff's journal and the additional documents faxed on the day of deposition, Plaintiff asserts that Defendant has not been prejudiced because Plaintiff agrees to a second deposition. Plaintiff argues that the Motion is frivolous and vexatious.

Oct. 23, 2013      A letter to Judge Kelly From Defendant in response to Sipio's Oct. 21, 2013 letter to Judge Kelly regarding the deposition subpoena served on Timothy M. Kolman, Esq.
States that Plaintiff's counsel should use the appropriate procedural process under the Rules pertaining to subpoenas, as opposed to requesting a telephone conference.

### *Oct. 23, 2013 - Order*

*AND NOW, this 23rd day of October, 2013, upon consideration of Defendant Arkema Inc.'s Motion for Sanctions (Doc. No. 28), Defendant Arkema Inc.'s Supplemental Memorandum of Law in Support of Motion For Sanctions (Doc. No. 31), and the Response in Opposition to Defendant's Motion for Sanctions filed by Plaintiff Michele Loor-Nicolay (Doc. No. 33), it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:*

1. *Defendant's Request that Plaintiff's Complaint be dismissed with prejudice is **DENIED.***

2. *Defendant's Request for costs associated with drafting and filing motions pertaining to Plaintiff's failures to adhere to discovery is **GRANTED**. Defendant's attorney shall submit to the Court a detailed affidavit setting forth the time spent and the costs associated with drafting and filing motions pertaining to Plaintiff's failure to follow the discovery rules (Doc. Nos. 13, 18 and 28). The affidavit shall be filed with the Court within seven days of the date of this Order.*

3. *Plaintiff shall produce the journal that she referred to during her deposition within five days of the date of this Order.*

4. *Any failure by Plaintiff to fully comply with this Order will result in sanctions, which may include dismissal of the Complaint.*

Oct. 24, 2013      Motion to Quash Subpoena of Timothy M. Kolman, Esquire by Plaintiff

Oct. 29. 2013      Affidavit by defense counsel, Kathleen Kirkpatrick, Esq., of fees and costs

amounting to $2,964.00.
In response to the Court's Oct. 23, 2013 Order


*Oct. 30, 2013 - Order*
*AND NOW, this 30th day of October, 2013, upon consideration of the Affidavit of Kathleen Kirkpatrick, Esq. (Doc. No. 38) filed in accordance to this Court's Order dated October 23, 2013 (Doc. No. 36), it is hereby **ORDERED** that Plaintiff shall pay the total attorneys' fees associated with drafting and filing motions pertaining to Plaintiff's failures to adhere to discovery in the amount of $2,964.00. Plaintiff's payment shall be submitted to Defendant within seven days of the date of this Order. Any failure by Plaintiff to fully comply with this Order will result in sanctions, which may include dismissal of the Complaint.*

Nov. 4, 2013    Defendant's Response in Opposition of Plaintiff's Motion to Quash Subpoena of Timothy M. Kolman, Esq.


*Nov. 4, 2013 - Amended Order*
*AND NOW, this 4th day of November, 2013, after a November 1, 2013 telephone call to chambers from Plaintiff inquiring about her payment of $2,964.00 to Defendant for its total attorneys' fees associated with drafting and filing motions pertaining to the failures of Plaintiff's counsel to adhere to discovery, which was ordered on October 30, 2013, it is hereby **ORDERED** that the Order issued by this Court on October 30, 2013 (Doc. No. 39) is **AMENDED** as follows:*

> *it is hereby **ORDERED** that Plaintiff's counsel shall pay the total attorneys' fees associated with drafting and filing motions pertaining to the failure of Plaintiff's counsel to adhere to discovery in the amount of $2,964.00. Plaintiff's counsel shall submit its payment to Defendant within seven days of the date of this Order. Any failure by Plaintiff's counsel to fully comply with this Order will result in sanctions, which may include dismissal of the Complaint.*

*FN1 - This ruling is made pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), which provides that:*
> *[i]n addition to or instead of the expenses above [in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.*

*Fed. R. Civ. P. 37(b)(2)(C).*

Nov. 4, 2013    Motion to Withdraw as Counsel by Kolman Ely, P.C.

Nov. 7, 2013    Kolman Ely, P.C.'s Motion for Disqualification and Recusal of U.S. District Court Judge Robert F. Kelly

Nov. 8, 2013    Defendant's Response to Motion to Withdraw as Attorney by Kolman Ely, P.C.

Agrees with withdraw.  Requests a stay for thirty days for Plaintiff to acquire new counsel.

**Nov. 12, 2013 - _Order_**
*AND NOW*, this 12th day of November, 2013, due to the filing of the Motion for Disqualification and Recusal of United States District Judge Robert F. Kelly (Doc. No. 43) by Kolman Ely, P.C., in which Kolman Ely, P.C. requests that the Court's Order dated November 4, 2013 (Doc. No. 41) be held in abeyance until the Motion for Disqualification and Recusal is decided, it is hereby **ORDERED** that Kolman Ely, P.C.'s request is **GRANTED** and the Court's Order dated November 4, 2013 (Doc. No. 41) is held in abeyance pending further order of the Court.